[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The petitioner brings this petition for a writ of habeas corpus alleging that his criminal trial attorney, Carl Eisenmann, was inffective in assisting him in that he failed to adequately investigate his case and challenge the evidence presented therein.
The petitioner was the only witness presented by him. He admitted that he was convicted on June 18, 1993 of Burglary in the first degree and Kidnapping in the first degree in connection with certain conduct with his girlfriend for which he received a sentence of 15 years suspended with 5 years probation on each count to be served concurrently and subject to certain conditions one of which was that he have no contact with the victim. SeeRepsondent's Exhibit I. He also admitted that he had contact with the victim on numerous occasions in violation of the condition of his probation and claimed that on many of these occasions the contact was consensual. He acknowledged that he had agreed to enter the plea agreement communicated to him by Attorney Eisenmann which is also corroborated by the transcript. SeeRespondent's Exhibit A, pg. 2-3. He stated that the reason for this petition is that he disputes the language used by Assistant State's Attorney David Shepack at the time of his sentencing for the violation of probation that his conduct underlying the CT Page 14082 convictions of Burglary and Kidnapping included "broke the door off the hinges, she was held in her bedroom at knife point, a utility knife, beaten . . ." See Respondent's Exhibit A p. 9. He admits that he broke through a panel of the door to unlock it from the inside, had in his hand a knife picked up in the apartment but only for the purpose of moving it out of the way, and held the victim's arms so that she would not leave. He was upset that Eisenmann had not investigated the original complaint sufficiently to object to such claims.
Eisenmann testified that he represented the petitioner on the charge of violation of probation and that he had the investigator for the public defender's office investigate the facts underlying the charge and those underlying the original charges of Burglary and Kidnapping. He didn't object to Shepack's remarks because they comported with the report from his investigator and that the petitioner did not call to his attention that he disputed them. He further stated that the petitioner himself had asked for an opportunity to address the court and did not use it to correct Shepack's statements. See Respondent's Exhibit A, p. 11.
The court finds that the perspective of the perpetrator and the victim may often differ in details. They obviously do in this case when one examines a statement of the victim contained in the affidavit of the search warrant, Respondent's Exhibit F, where she states "Bruce broke into my apartment in Litchfield. Bruce held me there against my will, he assaulted me and threatened to kill me . . ." There is no significant difference however to the objective eye of the violence of the conduct in adopting either scenario.
A successful petitioner must show that there is reasonable probability that but for counsel's unprofessional errors. the result of the proceedings would have been different. Copas v.Commissioner, 234 Conn. 139 (1995); Strickland v. Washington,466 U.S. 668, 694. The petitioner has failed to show that the sentence for violation of probation would change or that the level of violence of the original conduct underlying the charges of burglary and kidnapping should be considered differently. Likewise the petitioner has failed to show counsel's representation fell below an objective standard of reasonableness. Aillon v. Meachum, 211 Conn. 352, 359.
For the above reasons the petition is denied. CT Page 14083
Thomas H. Corrigan Judge Trial Referee